UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEANDRA BROWN,

        Plaintiff,

v.                                                           Case No. 24-CV-362

PENELOPE DICKSON, et al.,

        Defendants.

## RECOMMENDATION AND ORDER

Leandra Brown is incarcerated at the Milwaukee Secure Detention Facility. On March 22, 2024, the court received a document wherein he states he is suing Penelope Dickson and Midwest Wisconsin Corporate Guardianship, Inc. for $18,000,000. (ECF No. 1.) He also asks that the court "appoint" counsel to assist him. (ECF No. 1 at 2.)

Brown refers to "hate crimes," "intentional malice and repeat harassment," "patterns of stealing money," and "emergency room visits." (ECF No. 1 at 2.) He states that he suffers from schizophrenia and bipolar type 1 and is "heavy medicated." (ECF No. 1 at 3.) He appended two additional pages that are largely illegible, but he seems to refer to falling in love with a woman, moving to Appleton, eating at Denny's,

impregnating a woman, and not being able to get money for a wedding ring. (ECF No. 1-1 at 1-2.)

Brown has paid the full cost of filing this action. Because he was incarcerated when he began this action, the court must review his complaint to determine if it is sufficient to proceed. 28 U.S.C. § 1915A.

"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), it still must meet minimal standards before the court may permit it to proceed.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

3

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The court cannot discern any plausible claim for relief from Brown's filings. Significant portions are illegible. What can be read is largely incoherent. Therefore, the court will recommend that his complaint be dismissed.

The court will give Brown an opportunity to amend his complaint before it dismisses his case. Brown should keep the following guidelines in mind when amending his complaint. Brown should keep his allegations simple and provide a brief description of what each individual defendant did or did not do to violate his rights. He should clearly identify the constitutional right he believes the defendants violated. If he does not know the name of a defendant, he may label that defendant "John Doe (or Jane Doe) #1," etc. He needs to list all the defendants, including each John Doe label in the caption.

Enclosed is a copy of the complaint form and instructions. Brown should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case in the field for "Case Number". He must use the spaces on pages two and three to allege the key facts

that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. **If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page).** The amended complaint takes the place of the prior complaint and must be complete in itself. Brown cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

Brown has also asked that counsel be appointed to represent him. (ECF Nos. 2, 6, 10, 17.) Federal courts do not actually have the authority to "appoint" an attorney to represent a civil litigant. *Mallard v. United States Dist. Court for Southern Dist.*, 490 U.S. 296, 307 (1989); *Santiago v. Walls*, 599 F.3d 749, 752 n.1 (7th Cir. 2010). The most the court can do is attempt to recruit an attorney who is willing to work for free. 28 U.S.C. § 1915(e)(1). Recruiting an attorney, however, is a difficult task. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). "[B]ecause the number of available pro bono lawyers pales in comparison to the countless requests for counsel that courts receive each day, district courts 'are placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most.'" *Roberts v. Jezuit*, No. 21-3022, 2022 U.S. App. LEXIS 25080, at *5 (7th Cir. Sep. 7, 2022) (quoting *Olson*, 750 F.3d at 711).

Before the court will even consider attempting to recruit an attorney, a plaintiff must show that he has made reasonable and good faith efforts to attempt to retain

5

Case 2:24-cv-00362-BHL   Filed 06/17/24   Page 5 of 8   Document 23

counsel on his own. *Pickett v. Chi. Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). A plaintiff must explain why those efforts were unsuccessful. If a plaintiff contacted only attorneys who do not handle his type of case or lawyers who were too busy to take on a new case, the court would be unlikely to find his efforts sufficient. *See id*.

Once a plaintiff has made reasonable but unsuccessful efforts to obtain counsel on his own, then the court considers whether, given the difficulty of the case, the plaintiff appears able to litigate on his own. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). This requires assessment of the factual and legal difficulty of the plaintiff's claims, and his abilities in terms of "literacy, communication skills, educational level, and litigation experience," as well as "the plaintiff's intellectual capacity and psychological history." *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). But even then, recruitment of counsel is inappropriate if the plaintiff's claim appears meritless. *Watts v. Kidman*, 42 F.4th 755, 766 (7th Cir. 2022).

Brown has not shown that he has made reasonable efforts to recruit counsel on his own. Therefore, the court must deny without prejudice his motions for counsel. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Beyond that, while there may be circumstances where recruitment of counsel may be appropriate to assist a litigant in crafting a plausible complaint, without even a hint that Brown has a valid claim, recruitment of counsel is not appropriate.

**IT IS THEREFORE RECOMMENDED** that Brown's complaint be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Brown may file an amended complaint within 14 days of this order. The Clerk shall provide Brown a copy of the court's prisoner civil rights complaint along with this order.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within 14 days of service of this recommendation. Failure to timely object waives a party's right to review.

**IT IS FURTHER ORDERED** that Brown's motions for counsel (ECF Nos. 2, 6, 10, 17) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that Brown's motions for extensions of time to pay the filing fee (ECF Nos. 12, 18) are **granted**. The filing fee was paid on June 11, 2024.

**IT IS FURTHER ORDERED** that all of Brown's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Brown should also retain a personal copy of each document.

Brown is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, Brown must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 17th day of June, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge