UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEANDRA BROWN,

          Plaintiff,

   v.                       Case No. 24-CV-362

PENELOPE DICKSON,

          Defendant.

## RECOMMENDATION AND ORDER

On March 22, 2024, plaintiff Leandra Brown, who is representing himself and currently incarcerated at the Milwaukee Secure Detention Facility, filed a complaint against defendants Penelope Dickson and Midwest Wisconsin Corporate Guardianship. (ECF No. 1.) On June 11, 2024, the court received Brown's payment of the filing fee. On June 17, 2024, the court screened Brown's complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 22.) After determining that Brown had not stated any plausible claims for relief, the court recommended dismissal of Brown's complaint but gave him two weeks to file an amended complaint before recommending that the action be dismissed in its entirety. (*Id.* at 4, 7.)

On June 24, 2024, Brown filed an amended complaint. (ECF No. 24.) Because he was incarcerated when he began this action, the court must review his complaint to determine if it is sufficient to proceed. 28 U.S.C. § 1915A.

"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), it still must meet minimal standards before the court may permit it to proceed.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they

3
Case 2:24-cv-00362-BHL    Filed 08/19/24    Page 3 of 9    Document 28

plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Brown's amended complaint. Brown alleges that between September 1, 2019, and September 1, 2023, he was involved in "a personal, intimate relationship" with his "federal fiduciary," Penelope Dickson. They had a bank account together "where she was P.O.A. over the account." (ECF No. 24 at 2.)

Brown alleges numerous instances in which Dickson refused to disburse money or provide other assistance to him. (ECF No. 24 at 2-3.) Specifically, he alleges that Dickson refused to give him money for funeral expenses when various members of his family passed away. (*Id.* at 2-3.) Brown also alleges that he was homeless on at least thirty occasions between September 1, 2019, and September 1, 2023, and that Dickson repeatedly failed to find housing for him. (*Id.* at 3.) Finally, he alleges that his weekly allowances were reduced or discontinued at least 250 times between September 1, 2019, and September 1, 2023. (*Id.*) Brown states he believes she "behaved this way out of HATE CRIME HARASSMENT descrimination [sic[ for me cheating on her and getting [another woman] pregnant." (ECF No. 24 at 2.)

Brown alleges that Dickson's actions were "ill – malice – 'intentional' breach of fiduciary duties, hate crime: harassment and; descrimnation [sic]; and; lost of affection and; lost of love; and; retailation [sic]." (*Id.* at 3.)

A foundational matter the court must consider is whether Brown's amended complaint provides a basis for a federal court to exercise jurisdiction over this action. Federal courts have limited jurisdiction, *see* 28 U.S.C. § 1330 *et seq.*, meaning they can only hear certain types of claims and only under certain circumstances. One such circumstance is if a plaintiff seeks relief under a federal statute, known as federal question jurisdiction. 28 U.S.C. § 1331. Brown checked the box on the court's amended complaint form indicating he is "suing for a violation of federal law under 28 U.S.C. § 1331" (ECF No. 24 at 4), but he does not indicate which federal laws he believes apply and his allegations do not readily call to mind any plausible federal cause of action.

Federal law proscribes certain types of discrimination and retaliation by employers against employees, *see e.g.*, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), but these laws are inapplicable because Dickson was not Brown's employer.

The legal basis for Brown's claim for "hate crimes" is also unclear. While there are federal laws prohibiting the commission of hate crimes, *see* 18 U.S.C. § 249, such criminal statutes cannot be enforced by a private party in a civil action. *See Chicago Title & Land Tr. Co. v. Rabin*, No. 11-CV-425, 2012 WL 266387, at *4 (N.D. Ill. Jan. 30, 2012) (concluding that 18 U.S.C. § 249 does not confer a private right of action); *see also Linda*

*R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

In referring to Dickson as a "federal fiduciary," Brown calls to mind laws regarding certain federal benefits programs. Social security beneficiaries may have another person manage their benefits under what is commonly referred to as the representative payee program. *See* Social Security, Representative Payee, https://www.ssa.gov/payee/. The term federal fiduciary is used by the Department of Veterans Affairs to describe a person who handles VA benefits on behalf of a veteran. *See* Dept. Vet. Aff., Fiduciary, https://www.benefits.va.gov/fiduciary/fiduciary.asp. As Brown makes no reference to him receiving federal benefits, it is unclear if he is using the term "federal fiduciary" formally or colloquially as a reference to merely a person in a fiduciary relationship. There are also federal laws imposing certain fiduciary obligations on, for example, investment advisers. *See Hollerich v. Robert C. Acri*, 259 F. Supp. 3d 806, 815 (N.D. Ill. 2017). But, again, there is no hint that Dickson was an investment advisor under 15 U.S.C. § 80b-6.

Breach of fiduciary duty is a claim that would arise under state law and therefore could be asserted only in state court unless there was a separate basis for federal jurisdiction.

Relying on Brown's use of the term "federal fiduciary," the best the court can cobble together is that perhaps Brown is attempting to allege that he received VA benefits, Dickson managed them on his behalf, and she did so wrongly.

Congress gives the VA the authority to appoint and manage fiduciaries for veterans who are unable to manage their own financial affairs. 38 U.S.C. § 5502(a)(1). The regulations governing veterans benefits also give the VA the authority to manage fiduciaries, for instance, by requiring them to provide accountings and making determinations regarding misuse of benefits, as well as the authority to remove fiduciaries. *See* 38 C.F.R. §§ 13.280, 13.400, 13.400, 13.500. The regulations further provide that, subject to certain exceptions, "VA decisions regarding fiduciary matters are committed to the Secretary of Veterans Affairs' discretion by law, as delegated to subordinate officials under this part, and cannot be appealed to the Board of Veterans' Appeals or any court." *Id.* § 13.600. Decisions regarding appointment, removal, and misuse of benefits by federal fiduciaries are appealable, however, but only to the Board of Veterans' Appeals. *Id.* at § 13.600(a).

Another statute, the Veterans Judicial Review Act, provides that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Subsection (b) creates exceptions to the general prohibition against judicial review and allows certain matters to be reviewed by the U.S. Court of Appeals for Veterans Claims. *Id.* §§ 511(b)(4), 7252(a). The Court of Appeals for Veterans Claims has exclusive review of decisions by the Board of Veterans' Appeals, which, as indicated above, is charged with reviewing decisions regarding the appointment, removal, and misuse of benefits by fiduciaries. *Id.* § 7252(a). Decisions by the Court of Appeals for Veterans Claims are reviewable by the U.S. Court of Appeals for the Federal Circuit. *Id.* §§ 7252(c), 7292.

Insofar as Brown seeks to challenge a decision by the Secretary of Veterans Affairs regarding Dickson's appointment as his fiduciary, he cannot seek relief in this court. Such decisions are appealable to the Board of Veterans' Appeals, then the Court of Appeals for Veterans Claims, and then to the Federal Circuit. *See Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1123 (7th Cir. 2014) (The Secretary's decisions, including "the appointment and supervision of fiduciaries, are matters 'affect[ing] the provision of benefits'…. As a result, they are subject to review only by the Board of Veterans' Appeals and ultimately by the Veterans Court and Federal Circuit.") (citations omitted). Therefore, even if Brown were attempting to allege that Dickson breached her fiduciary duties in the management of Brown's VA benefits, he would not have a claim in this court.

Liberally construing Brown's amended complaint, the court cannot discern any plausible federal claim to support the court's jurisdiction. And because Brown and Dickson are both citizens of Wisconsin (ECF No. 24 at 1-2), the court would not have jurisdiction under 28 U.S.C. § 1332.

Because the court has not identified any plausible federal claim over which the court has jurisdiction, and because there is no basis for the court to exercise jurisdiction over any potential state law claims raised by Brown, it will recommend that the amended complaint and this action be dismissed.

**IT IS THEREFORE RECOMMENDED** that Brown's amended complaint and this action be **dismissed.**

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 19th day of August, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge